JOHN DURHAM

*v.*

NATHANIEL S. TUCKER *et al.*

PLEA OF USURY *against an assignee—its requisites.* In an action upon a promissory note by an assignee, against the maker, the latter pleaded, that, being in want of money, he applied to the plaintiff for a loan, which he declined, but referred the defendant to another party, the payee of the note, from whom the money could be obtained upon the defendant's note; that defendant applied to such third party, giving him the note sued upon, for $2,200, which, upon application of the payee, the plaintiff "unlawfully, corruptly and usuriously," agreed to discount, and did discount and purchase for $1,500, which sum was received by the payee and paid over by him to the defendant, and that was the sole consideration of the note. This was held not sufficient to bar the plaintiff's right of recovery. There was no sufficient averment of facts to show a knowledge on the part of the plaintiff of the usurious consideration of the note.

APPEAL from the Circuit Court of the county of Peoria.

This was an action of assumpsit brought by Nathaniel S. Tucker and Henry Mansfield against John Durham, as assignees of the following promissory note:

"$2,200.          PEORIA, August 26th, 1864.

"One year after .date, I promise to pay to the order of Wm. H. Sammis, for Sarah L. Hamaker, twenty-two hundred dol-

lars, negotiable and payable without defalcation or discount, with ten per cent. interest per annum, from date, int. payable monthly until paid, for value received.

" JOHN DURHAM."

The plaintiffs recovered a judgment from which this appeal was taken. The only question presented is in relation to the sufficiency of a plea of usury interposed by the defendant, and which is set forth in the opinion of the court.

Mr. E. N. POWELL, for the appellant.

Messrs. JOHNSON & HOPKINS, for the appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action brought by the assignees of a promissory note against the maker. Among other pleas was one designed as a plea of usury, to which a demurrer was sustained, and the only question presented by this record is the judgment of the court below on the demurrer. The plea was as follows:

"And for a further plea in this behalf, the said defendant, by leave of the court first had and obtained, comes and says *actio non*, because he says, that on the 26th of August, he, the said defendant, being in want of money, applied to the said plaintiffs in this suit to borrow of them the sum of $2,000, and that said plaintiffs then replied to the said defendant that they could not loan to said defendant the said sum of money, but they informed the said defendant that money could be obtained by this defendant of one Wm. H. Sammis, upon the promissory note of this defendant, and they further advised the said defendant, and this defendant, acting under the advice of the said plaintiffs, had made his promissory note payable to the order of Wm. H. Sammis, as trustee of one Sarah L. Hamaker, for the sum of $2,200, and, therefore, the said Wm. H. Sammis presented the said note so signed by this defendant to the plaintiffs, to be by them discounted, and the said plaintiffs, therefore, on the 26th of August aforesaid at Peoria aforesaid,

unlawfully and corruptly and usuriously agreed with the said Wm. H. Sammis, that the said plaintiffs should discount the said note of the said defendant, for more than ten per cent. per annum, to wit, that the said plaintiffs should then discount said bill, and advance to the said Sammis the sum of $1,500, and no more. And the said defendant avers, that, in pursuance of said corrupt and usurious contract, the said plaintiffs did advance to the said Sammis, on said note, the sum of $1,500 and no more, and did discount said note for more than ten per cent. per annum, to wit, etc., aforesaid, on, etc., aforesaid, and, therefore, the said Sammis did deliver to the said plaintiffs the said promissory note of the said defendant, for the said sum of $2,200, and the said Sammis did therefore pay to the said defendant the said sum, so received by him, of $1,500, and no more, and the said defendant avers, that the said several sums of money, in the several counts of the plaintiffs' declaration mentioned, are the same sums of money in the said note of the said defendant, as aforesaid, and not other and different sums, and the said defendant further avers, that the said discounting the said note in the manner aforesaid, was, and is, in violation of the law of the land. And the said note, except as to the sum of $1,500, is, in the hands of the said plaintiffs, fraudulent and void at law, and this the defendant is ready to verify, wherefore, he prays judgment, etc."

It will be seen, by an examination of this plea, that it only shows, that the payee of the note sold it to the appellees at a large discount. There are other facts averred in the plea, which, if offered as evidence, under a proper plea of usury, might have induced a jury to find, that this transaction was a veil for an illegal and usurious contract between the maker of the note and the appellees. But the court cannot draw this inference, as a matter of law, from any thing appearing on the face of this plea. There is no averment, that the note was payable to Sammis, only colorably, and to evade the usury law, and that the transaction was, in fact, a direct loan of money from the appellees to the appellant. These things appear only

inferentially, and not as facts, positively and distinctly averred, as is necessary in pleading. For aught that appears upon this plea, the appellees were not aware, that Sammis, the payee, had not advanced the amount of the note to the appellant, or that it did not represent a *bona fide* debt due the payee, in which event they were at liberty to buy it at whatever price might be agreed upon, without being chargeable with usury. The averments of the plea are, that the appellees contracted with Sammis and paid the money to him, without any allegation that they knew Sammis was acting for the appellant, or even that he was in fact acting for him. It is true the plea avers, that the appellees " unlawfully, corruptly and usuriously " contracted with appellant, but these adverbs amount to nothing unless facts are alleged showing wherein the usury consists. There are no intendments in favor of the pleader, and for aught that appears upon the face of this plea, the appellees may have purchased this note, before *its* maturity, from the payee, in entire ignorance of its consideration, and without intent to evade the statute of usury. The judgment must be affirmed.

*Judgment affirmed.*